HILLQUIT et al. v. SUN PRINTING & PUBLISHING ASS'N.

(Supreme Court, Appellate Term. January 17, 1906.)

DAMAGES—MISTAKE IN PUBLISHING SUMMONS.

 One who makes a mistake in publishing a summons, which is discovered by plaintiff's attorneys after three publications, is not liable for money expended or counsel fees for services in the second action, as on discovery of the mistake, the attorneys should have discontinued publication under the first order, and commenced de novo under a new order, so that only the expense of the three publications would have been lost.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Morris Hillquit and another against the Sun Printing & Publishing Association. From a judgment dismissing the complaint, plaintiffs appeal. Modified.

Argued before SCOTT, P. J., and BLANCHARD and DOWLING, JJ.

J. Sidney Bernstein, for appellants.
Franklin Bartlett, for respondent.

PER CURIAM.   The justice was clearly right in holding, that plaintiffs were not entitled to recover as damages any moneys expended or counsel fee for services in the second action of Meyer v. Meyer. The defendants' mistake did not necessitate a second action.   All that the plaintiffs need have done when they discovered the mistake in the publication of the summons was to have discontinued the effort to make substituted service under the first order, and commenced de novo under a new order.   They would thus have lost only the expense of three publications in each of the newspapers named in the first order.   As attorneys, they should have known that any attempt to amend the original order of publication nunc pro tunc must necessarily be futile.   For the proportionate expense of advertising in the Sun and the Law Journal up to the time that plaintiffs discovered the error which defendant had made, they may be entitled to recover.   All the expense incurred after that discovery is the plaintiffs' own fault. The justice was right in rendering the judgment he did, because of the stand taken by plaintiffs as to their claim for damages.   Their complaint, however, is broad enough to permit them to recover the damages for which the defendant is justly liable, and an absolute judgment for defendant would bar a future recovery for such damages.

The judgment will therefore be modified, so as to be one of dismissal, with costs, without prejudice to a new action, and, as so modified, will be affirmed, with costs.

